UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FLORANA RODRIGUEZ,**

    **Plaintiff,**                                          CASE NO.:  8:16-cv-00542-VMC-TBM

v.

**QVC, INC., and
SYNCHRONY BANK,**

    **Defendants.**
_____/

## AMENDED COMPLAINT

Plaintiff Florana Rodriguez, by and through undersigned counsel, sues QVC, Inc., and Synchrony Bank states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2. This complaint has been amended to add Synchrony Bank.  After filing of the initial complaint, Defendant QVC, Inc. provided information that the complained-of actions were undertaken by Synchrony Bank.

### JURISDICTION AND VENUE

3. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the TCPA, 47 U.S.C. § 227 *et seq*.  Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1

4.Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

5.Plaintiff Florana Rodriguez ("Rodriguez" or "Plaintiff") is a natural person who resides in Tampa, Florida. Plaintiff is a "consumer," as that term is defined by Fla. Stat. § 559.55(2) and is also a person as that term is used in 47 U.S.C. § 227.

6.Defendant, QVC, Inc. ("QVC"), is a Delaware corporation, doing business in the State of Florida, and is a "person" under Fla. Stat. § 559.72. and is a "debt collector," as that term is defined by Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

7.Defendant, Synchrony Bank ("Synchrony") (collectively wth QVC, "Defendants"), is a national bank, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72. and is a "debt collector," as that term is defined by Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

8.Defendants, in the conduct of their business, use one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

9.The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the scope of such agency or employment and acted with consent and authorization of Defendants.

## FACTUAL ALLEGATIONS

10. Defendants claimed that Plaintiff Rodriguez owed a debt (the "Alleged Debt") to Defendants. Unfortunately, financial circumstances rendered Ms. Rodriguez unable to pay the Alleged Debt.

11. Once she fell behind, Defendants began a relentless campaign against Ms. Rodriguez to collect the Alleged Debt.

12. Defendants began telephoning Ms. Rodriguez's cell phone.

13. Ms. Rodriguez informed Defendants' representative that she was unable to pay the Debt and instructed Defendant to stop calling her cell phone.

14. Nevertheless, since approximately February 25, 2015, Defendants continued calling Ms. Rodriguez cell phone many times to collect the Debt using an automated telephone dialing system and without Ms. Rodriguez's express consent.

13. Defendants telephoned Ms. Rodriguez two to five times a day, to collect the Alleged Debt. All such calls were made to Ms. Rodriguez's cell phone.

14. Defendants called Ms. Rodriguez from the telephone number 678-518-2204.

15. All calls made by Defendants were made by an automated telephone dialing system and were made without Plaintiff's consent. These calls involved a pause after the Plaintiff answered before a live representative was connected to the Plaintiff.

16. As detailed below, that conduct constitutes a violation of the FCCPA and the TCPA.

# COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT SYNCHRONY

17. This is an action against Defendant, Synchrony, for violation of Fla. Stat. § 559.55 *et seq*.

18. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

19. Synchrony communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

20. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) . . .assert the existence of some other legal right when such person knows that the right does not exist.

21. Through its conduct, described above, Defendants, directly and/or through their agents, violated the above sections of the FCCPA.

22. All conditions precedent to this action have occurred, have been satisfied or have been waived.

23. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Synchrony is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

24. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendants as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

25. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Synchrony, finding that Synchrony violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY SYNCHRONY

26. This is an action against Synchrony for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

27. Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth here-in.

28. Synchrony, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

29. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30. Synchrony violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

31. Synchrony willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendants that Defendants did not have permission to call Plaintiff's cell phone.

32. All conditions precedent to this action have occurred, have been satisfied or have been waived.

33. As a result of the above violation of the TCPA, Synchrony is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

34. Based upon the willful, knowingly, and intentional conduct of Synchrony as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against Synchrony: (1) finding Synchrony violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Synchrony willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE FCCPA BY DEFENDANT QVC

35. This is an action against Defendant, QVC, for violation of Fla. Stat. § 559.55 *et seq*.

36. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

37. QVC communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

38. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) . . .assert the existence of some other legal right when such person knows that the right does not exist.

39. Through its conduct, described above, QVC directly and through its agents violated the above sections of the FCCPA.

40. All conditions precedent to this action have occurred, have been satisfied or have been waived.

41. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, QVC is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

42. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of QVC as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

43. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against QVC, finding that QVC violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATION OF THE TCPA BY QVC

44. This is an action against QVC for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

45. Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth here-in.

46. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

47. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

>   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

48. QVC violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

49. Defendants willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendants that Defendants did not have permission to call Plaintiff's cell phone.

50. All conditions precedent to this action have occurred, have been satisfied or have been waived.

51. As a result of the above violation of the TCPA, QVC is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

52. Based upon the willful, knowingly, and intentional conduct of QVC as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against QVC: (1) finding QVC violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding QVC willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  March 14, 2016

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832

/s/ Gus M. Centrone

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff